IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN KERNS,** *et al.*, | ) |
| | ) |
|    **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 06-0431-WS-B** |
| | ) |
| **PRO-FOAM OF SOUTH** | ) |
| **ALABAMA, INC.,** | ) |
| | ) |
|    **Defendant.** | ) |

**ORDER**

      This matter is before the Court on defendant's Motion to Shift Costs to Plaintiffs Under Federal Rule of Civil Procedure 68 (doc. 92) and plaintiff's Motion to Tax Costs (doc. 93). Both Motions have been briefed and are ripe for disposition at this time.

      Although this action has accrued a fairly involved procedural history in its 14 months in this District Court, the critical facts for purposes of the pending motions are these: On June 5, 2007, defendant Pro-Foam of South Alabama, Inc., served an Offer of Judgment on counsel for plaintiffs, Melvin and Pauline Kerns. (Doc. 92, at unmarked first exhibit.)[1] That Offer of Judgment provided on its face that, pursuant to Rule 68, Fed.R.Civ.P., defendant offered to allow entry of judgment against it (and then-defendant Mark Sealy) in the total amount of $100,000, inclusive of all allowable costs, fees and expenses. Plaintiffs did not accept the Offer of

---

[1]     The Certificate of Service appended to that Offer of Judgment includes a certification from defense counsel as follows: "I hereby certify that on the 5th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to" plaintiffs' counsel. This is obviously incorrect, inasmuch as the Offer of Judgment was not filed with the Clerk of Court on that date. Indeed, it would have been improper to file it at that time, given the plain language of Rule 68 that offers of judgment are not to be filed unless accepted or for use in motion practice concerning taxation of costs. The Certificate of Service does not reflect that service was effected on opposing counsel through any means other than the CM/ECF system, which clearly did not apply because the pleading was not filed with the Clerk of Court at that time. Despite this defect, plaintiffs have not contested that they in fact were served with the Offer of Judgment on or about June 5, 2007; therefore, the Court will assume that service date to be accurate, notwithstanding defendant's failure of proof.

Judgment, but elected to proceed to trial.  On August 15, 2007, following a jury trial, the undersigned entered a Final Judgment (doc. 91) ordering, adjudging and decreeing that a final judgment be entered in favor of plaintiffs and against defendant in the amount of $77,980.30, representing the jury's verdict.

The parties' post-trial motion practice has stemmed from their inability to agree how costs should be taxed.  In particular, their disagreements encompass the following topics: (1) the legal effect of the Offer of Judgment on the taxation of costs; (2) whether and to what extent plaintiffs may recover costs for defendant's expert's deposition transcript; (3) whether plaintiffs should be required to pay defendant's expert witness's hourly charges for attending trial; and (4) whether plaintiffs should be reimbursed for a $32 charge for overnight delivery of a deposition transcript in February 2007.  By the Court's calculations, the total sum about which the parties are arguing in their dueling motions and briefs is a modest $1,578.30.[2]  Each disputed aspect of the costs award shall be considered in turn.

The parties apparently concur that the jury's award in an amount less than the Offer of Judgment entitles defendant to recover its taxable costs incurred after June 5, 2007, in the total amount of $595.50, pursuant to Rule 68, Fed.R.Civ.P.[3]  Where the parties part company is on the question of whether plaintiffs can recover their post-Offer of Judgment taxable costs, consisting of $574.60 in documented in-house photocopy charges incurred between July 17, 2007 and August 6, 2007.  (Doc. 93, at Exh. A, Exh. 1.)  Plaintiffs' position is that they can recoup their post-Offer of Judgment costs, and that Rule 68 merely creates an offset for post-Offer costs incurred by defendant.  This contention is irreconcilable with well-settled law.  Rule 68 has been consistently construed by case authorities and commentators alike as operating to bar a plaintiff

---

[2] This figure consists of $574.60 in photocopying charges incurred by plaintiffs after the Offer of Judgment was served, $562.50 for one day's expert fees for defendant's expert to attend trial, $409.20 for court reporter fees for defendant's expert's deposition, and $32 for the disputed Fed Ex charge.

[3] That figure consists of $498.92 in photocopying charges and $96.58 in per diem witness fees and mileage expense for defendant's expert Larry Creel for two days of attending trial.  Defendant's Motion (doc. 92) provides backup documentation to support those charges in unnumbered, unlabeled exhibits, but makes an arithmetical error in summing them.  Those costs will be awarded to defendant, without objection by plaintiffs, in the correct amount of $595.50.

from recovering any costs incurred following the date of a rejected offer of judgment if the plaintiff's award at trial is less favorable than the offer. *See, e.g., Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1026 (9th Cir. 2003) ("A plaintiff that rejects a Rule 68 offer in excess of the judgment ultimately obtained at trial must bear its own and the defendant's post-offer costs."); *Pouillon v. Little*, 326 F.3d 713, 718 (6th Cir. 2003) (if plaintiff does not timely accept offer of judgment, "he will be forced to pay his own and the defending party's post-offer costs if his victory is not more favorable than the offer"); *Brown v. Cox*, 286 F.3d 1040, 1047 (8th Cir. 2002) ("a plaintiff who declines an offer of judgment and does not obtain a more favorable judgment may not recover costs ... for work after the offer"); Wright & Miller, 12 *Federal Practice & Procedure, Civ.2d* § 3006 (where plaintiff rejects an offer of judgment and obtains a less favorable judgment, it is mandatory that "[p]laintiff therefore cannot recover otherwise awardable costs incurred after the date of the offer, and it must also pay the defendant's costs incurred after that date"). Accordingly, plaintiffs' request for taxation of $574.60 of photocopying charges that they admittedly incurred after rejecting the Offer of Judgment is **disallowed**. Those costs are not recoverable as a matter of law, by operation of Rule 68, and defendant's objection to the taxation of such charges is **sustained**.

      Next, the parties spar over the taxation of costs relating to defendant's expert witness, Larry Creel. In particular, defendant's position is that plaintiffs should be required to pay for one full day of Creel's fees for time he spent in court during trial (such fees totaling $562.50, at 7.5 hours times $75 per hour) and that plaintiffs should not be reimbursed for the $409.20 in verified court reporter fees they incurred in taking Creel's deposition. It is black-letter law that expert witness fees cannot be taxed as costs. *See, e.g., Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("we find that the district court erred in taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821, and, upon remand, the district court should reduce the taxable costs accordingly"); *L&W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007) ("we hold that expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them"); *Walker v. Bozeman*, 243 F. Supp.2d 1298, 1308 (N.D. Fla. 2003) ("Expert witness fees (above the $40 daily attendance fee applicable to any witness ...) are not recoverable."). The law is equally clear that court reporter fees for deposition transcripts are taxable as costs. *See* 28

U.S.C. § 1920(2) (fees of court reporter for all or any part of stenographic transcript necessarily obtained for use in the case are taxable as costs); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) (observing that taxation of deposition costs is authorized by § 1920(2) and that district court has discretion to tax such costs if the deposition was necessarily obtained for use in the case). Defendant urges the Court to ignore these well-settled legal principles because plaintiffs called Creel (the defendant's designated expert witness) in their case-in-chief. Without citing any authority, defendant asserts that "[i]n equity," plaintiffs should be required to pay for a full day of Creel's expert witness fees for his in-court time and should not be permitted to recover court reporter fees for Creel's deposition transcript. (Doc. 92, ¶ 6; doc. 95, ¶ 3.) This argument is meritless.

With regard to defendant's attempt to shift expert witness fees to plaintiff, it is beyond cavil that "a court may only tax costs as authorized by a statute." *W&O*, 213 F.3d at 620. Defendant has identified no statutory authority that would allow this Court to tax defense expert witness fees to plaintiffs simply because plaintiffs called defendant's expert witness at trial, but instead makes a vague plea to equity and fairness. Under binding precedent, that is not sufficient. Even if it were, the Court would exercise its discretion not to tax such costs to plaintiffs because there is nothing inequitable, unfair or improper about plaintiffs calling Creel (who was retained by defendant, who testified at trial on behalf of defendant, and who spent all or substantially all of the trial sitting in the courtroom at defendant's behest) to testify in their case-in-chief. By calling Creel as an expert, plaintiffs did not somehow transform him into "their witness," nor did they in any way prevent, obstruct or interfere with defendant's exercise of their right to call Creel to testify at length on defendant's behalf during trial, to consult with defense counsel behind the scenes, and otherwise to observe the trial as a paid consultant for defendant. Defendant does not suggest that, but for plaintiffs' subpoena, Creel would not have spent the entire day of August 8 in the courtroom on defendant's behalf. Thus, nothing in equity or fairness would justify the shifting of Creel's expert witness fees to plaintiffs, even if defendant had identified a statute empowering this Court to do so. Defendant's request to shift Creel's expert witness fees to plaintiffs is **denied** to the extent it exceeds ordinary witness attendance fees authorized by 28 U.S.C. § 1821, which plaintiffs have already agreed to pay and which are included in the agreed $595.50 offset.

With respect to court reporter fees incurred by plaintiffs in taking Creel's deposition, it is clear that plaintiffs deposed Creel after defendant designated him as its expert witness. It is equally clear that plaintiffs relied heavily on Creel's deposition transcript at both the summary judgment and trial phases of the case. As such, plaintiffs' court reporter fees incurred in procuring this deposition transcript are properly taxable to defendant pursuant to 28 U.S.C. § 1920(2) because that transcript was necessarily obtained for use in the case. Nothing in the procedural posture described *supra* persuades the Court to exercise its discretion not to tax those costs to defendant. There is nothing inequitable or unfair about requiring the losing party to pay the prevailing party's court reporter fees incurred in deposing the losing party's designated expert where that expert's opinions were integral to both summary judgment and trial. Defendant's objection to the inclusion of court reporter fees pertaining to Creel's deposition transcript in plaintiffs' taxable costs is **overruled**, and those costs will be taxed in the amount of $409.20, as requested and documented by plaintiffs. (*See* doc. 93, ¶ 3 & Exh. A, Exh. 2.)

With regard to the $32 Federal Express fee for expedited shipping of the Pauline Kerns deposition transcript, plaintiffs have failed to come forward with any showing of need or extraordinary circumstances to justify that expense. It appearing that this charge was incurred solely for the convenience of counsel, the Court **sustains** defendant's objection and will not tax that cost to defendant. *See, e.g., W&O*, 213 F.3d at 620 (noting that deposition costs merely incurred for convenience are not recoverable); *Harkins v. Riverboat Services, Inc.*, 286 F. Supp.2d 976, 981 (N.D. Ill. 2003) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable.").

For all of the foregoing reasons, defendant's Motion to Shift Costs to Plaintiffs (doc. 92) and Plaintiffs' Motion to Tax Costs (doc. 93) are both **granted in part**, and **denied in part**. The Bill of Costs for $3,769.75 submitted by plaintiffs as Exhibit B to their Motion to Tax Costs is **modified** as follows: (a) a charge of $574.60 for photocopying costs incurred after the Offer of Judgment is **disallowed**; (b) a charge of $32.00 for Federal Express delivery of Pauline Kerns' deposition transcript is **disallowed**; and (c) plaintiffs' Bill of Costs is **offset** by $595.50 in post-Offer of Judgment taxable costs incurred by defendant. After these adjustments, costs are hereby **taxed** against defendants pursuant to Rule 54(d)(1), Fed.R.Civ.P., in the net amount of

**$2,567.65**.  Post-judgment interest on the Final Judgment entered by the Court on August 15, 2007, will accrue from the date of entry of judgment, pursuant to 28 U.S.C. § 1961(a).

DONE and ORDERED this 13th day of September, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
